IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN DOUGLAS HAMILTON, #647007 | § § | |
| Petitioner, | § § | |
| v. | § § | 3:10-CV-1360-B-BK |
| RICK THALER, Director, Texas Department of Criminal Justice, Correctional Institutions Div., | § § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this case has been referred for findings, conclusions, and recommendation.

**I.  BACKGROUND**

Petitioner, a state prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He is presently confined within the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) in Huntsville, Texas.  Respondent is the Director of TDCJ-CID.  The Court did not issue process in this case pending preliminary screening.

Petitioner was convicted of aggravated sexual assault and sentenced to life imprisonment. *State v. Hamilton*, No. F93-01391-HR (295th Jud. Dist. Court, Dallas County, Apr. 22, 1993), *aff'd*, No. 05-93-00683-CR (Tex. App. May 8, 1995, pet ref.).  Petitioner unsuccessfully challenged his conviction in state and federal habeas corpus proceedings. *Hamilton v. Johnson*, No. 3-00-CV-2154-G (N.D. Tex. Dec. 1, 2000) (adopting findings and recommendation of the

magistrate judge and dismissing habeas petition as time barred), *COA denied,* No. 01-10072 (5th Cir.), *cert. denied,* 534 U.S. 958 (2001).  Contemporaneously, Petitioner sought leave to file a successive habeas petition in the United States Court of Appeals for the Fifth Circuit, which denied his motion.  *See In re Hamilton*, No. 01-10118 (5th Cir. Feb. 6, 2001).  It is unclear if the motion to file a successive petition related to the aggravated sexual assault conviction, or Petitioner's convictions for indecency with a child, which he previously challenged in 1995.  *See Hamilton v. Johnson*, No. 3:95-CV-2971-P (N.D. Tex. Oct. 8, 1996) (Solis, J.) (adopting findings and conclusions of magistrate judge and denying habeas relief on indecency with a child convictions).

In the present action, Petitioner again seeks to challenge his conviction for aggravated sexual assault for which he was sentenced to life imprisonment.  In four grounds, he alleges actual innocence.  He also challenges the state court's jurisdiction, his malicious prosecution, and his counsel's ineffective assistance.

Contemporaneously with the filing of his federal petition, Petitioner submitted a memorandum, a motion for an evidentiary hearing, and a "special motion" seeking leave to file a successive habeas petition.  Although the memorandum and motions bear the caption of the state convicting court, the Court will consider them in this case.

## II.  ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief.  *See* 28 U.S.C. § 2244(b). In general, to raise a new claim, the petitioner must show that the successive application is based on:  (1) a new rule of constitutional law, made retroactive to cases

on collateral review by the Supreme Court, or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2).

Before a petitioner may file his application in the district court, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing. 28 U.S.C. § 2244(b)(3)(A) and (B). In *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000), the Fifth Circuit held that § 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the Fifth Circuit has granted the petitioner permission to file such a petition. *See also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (same).

Here, the Fifth Circuit has not issued an order authorizing the Court to consider the successive petition in this case. Petitioner must obtain such an order before he can file a second petition for habeas relief under § 2254 challenging his underlying criminal conviction. Therefore, his petition should be transferred to the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002), and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). Petitioner's motions for an evidentiary hearing and for leave to file a successive petition (styled as "special motion") should be denied as moot in light of the recommendation in this case.

### III. RECOMMENDATION

For the foregoing reasons it is recommended that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002), and *In re Epps*, 127

F.3d 364, 365 (5th Cir. 1997).

It is further recommended that Petitioner's motions for an evidentiary hearing and for "special relief" (Doc. #4-5) be **DENIED** as moot.

SIGNED July 19, 2010.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).